UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM M. WINDSOR | ) |
| Plaintiff, *pro se* | ) ) ) |
| v. | ) Civil Case No. 10-0197 (RJL) ) |
| JUDGE ORINDA D. EVANS, *et al.* | ) ) |
| Defendants. | ) |

MEMORANDUM OPINION
(February _14_, 2010) [# 3]

This case is before the Court on plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. For the following reasons, plaintiff's motion is DENIED and his Complaint DISMISSED.

Plaintiff is a serial filer. His action in this Court arises out of litigation in the Northern District of Georgia, where he was found to have engaged in "extreme litigiousness." *See Maid of the Mist Corp. v. Alcatraz Media LLC*, No. 06-714 (N.D. Ga. Dec. 22, 2009). In fact, in the course of the Georgia litigation, plaintiff filed *sixty-two* post-judgment motions. *See id.* at 1. While Judge Evans, who presided over the Georgia litigation, addressed all sixty-two motions with great care, plaintiff was not pleased with her rulings, all of which went against him. *See id.* As a result, plaintiff

initiated this action to request emergency injunctive relief against Judge Evans.[1] (*See* Compl. ¶ 1.)

Plaintiff's motion for injunctive relief, and indeed the entirety of his Complaint, cannot succeed because of the doctrine of judicial immunity. The majority of relief plaintiff requests in his emergency motion seeks either to enjoin Judge Evans from taking judicial acts, or to compel such acts. (*See* Pl.'s Mot. at 44.) These claims simply are not cognizable because a judge is immune from suit on all official judicial acts, so long as the judge was not acting in the complete absence of all jurisdiction. *See Morales v. Waco*, 502 U.S. 9, 11-12 (1991). Here, there is no question that Judge Evans had jurisdiction to decide plaintiff's motions; indeed, plaintiff does not even challenge this. Accordingly, she cannot be a defendant to this suit. *See id.* at 11 (noting that judicial immunity is immunity from suit). For these reasons, plaintiff's motion for injunctive relief,[2] and the entirety of his Complaint, must be dismissed against Judge Evans and all other judicial defendants.

The remaining defendants named in plaintiff's emergency motion and Complaint must also be dismissed. With respect to these defendants, plaintiff has failed to comply with the minimal pleading requirements of Rule 8(a) of the Federal

---

[1] Plaintiff's suit also names a host of other federal defendants, including another federal district judge from the Northern District of Georgia, the United States Court of Appeals for the Eleventh Circuit, the United States Attorney General, a number of United States Congressmen, and others. (*See* Compl. at 1.)

[2] Pursuant to Local Rule of Civil Procedure 65.1, the Court determines that a hearing is not necessary to resolve plaintiff's motion for injunctive relief. *See Bestor v. CIA*, No. 04-2049, 2005 WL 486148 at *1 n.1 (D.D.C. Mar. 2, 2005).

Rules of Civil Procedure.[3] Rather than providing a short and plain statement of his claims against these defendants, plaintiff has submitted a 505 page Complaint which utterly fails to give defendants "fair notice" of what his claims are and the grounds upon which they rest. *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957).

Finally, with respect to the Maid of the Mist defendants, who were parties to the Georgia litigation, it appears that plaintiff's attempt to sue them in this Court might be a violation of an Order entered by Judge Evans on December 22, 2009. *See Maid of the Mist Corp.*, No. 06-714 (N.D. Ga. Dec. 22, 2009). Accordingly, this case shall be referred forthwith to the Northern District of Georgia so Judge Evans may consider whether plaintiff is in contempt of her Order.

For these reasons, plaintiff's motion for injunctive relief is DENIED and his Complaint must be and is DISMISSED. An Order consistent with this Memorandum Opinion will be issued separately.

_____
RICHARD J. LEON
United States District Judge

---

[3] While *pro se* litigants are held to less stringent pleading standards than lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), they nevertheless must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

3